UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| JUAN RAMON MORALES-PLACENCIA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | 08 C 5365 |
| | ) | |
| CITY OF CHICAGO, et al, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION

CHARLES P. KOCORAS, District Judge:

This case comes before the court on the motion of Defendant Jerome Finnigan to dismiss for failure to state a claim upon which relief can be granted pursuant to Fed. R. Civ. P. 12(b)(6). For the reasons set forth below, the motion is granted.

## BACKGROUND

According to the allegations of the complaint, which we must accept as true for purposes of this motion,[1] Defendant Jerome Finnigan ("Finnigan") was employed as a police officer with the Chicago Police Department. On September 18, 2004, Finnigan stopped and searched Plaintiff Juan Ramon Morales-Placencia ("Morales-Placencia") at a gas station in Chicago, Illinois. During this encounter, Finnigan forced Morales-Placencia to provide his home address and keys to Finnigan and other police officers

---

[1] *Warth v. Seldin*, 422 U.S. 490, 501 (1975).

with him. Sometime later, Finnigan went to Morales-Placencia's home and took $460,000 from his residence. Finnigan threatened Morales-Placencia with arrest and great bodily harm if he told anyone about the incident.

Six months later, Finnigan and other Chicago police officers returned to Morales-Placencia's house and coerced their entry into the home. Brandishing firearms, Finnigan and those with him ransacked Morales-Placencia's home and again threatened him with arrest and great bodily harm. Morales-Placencia's wife and children were also present during this incident. Fearing for his life and the lives of his family, Morales-Placencia did not report these events to the authorities until law enforcement officials contacted him and asked him about these events.

Morales-Placencia filed suit against Finnigan on September 18, 2008. In his complaint, Morales-Placencia asserts claims of excessive force, false arrest, and violation of his equal protection rights under 42 U.S.C. § 1983. His complaint also included an action for damages under the Racketeer Influenced and Corrupt Organizations Act (RICO), 18 U.S.C. § 1964(c), and a conversion claim under Illinois law. Finnigan now moves to dismiss all claims against him for failure to state a claim upon which relief can be granted.

## LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) evaluates the legal sufficiency of a plaintiff's complaint. *Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990).

In ruling on a motion to dismiss, a court must draw all reasonable inferences in favor of the plaintiff, construe all allegations of a complaint in the light most favorable to the plaintiff, and accept as true all well-pleaded facts and allegations in the complaint. *Perkins v. Silverstein*, 939 F.2d 463, 466 (7th Cir. 1991). In order for a claim to survive a motion to dismiss, the plaintiff must satisfy two conditions: first, the complaint must describe the claim in sufficient detail to give the defendant fair notice of what the claim is and the grounds upon which it rests; and second, its allegations must plausibly suggest that the plaintiff has a right to relief. *Tamayo v. Blagojevich*, 526 F.3d 1074, 1084 (7th Cir. 2008). A claim should not be dismissed "unless it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Hefferman v. Bass*, 467 F.3d 596, 598 (7th Cir. 2006).

## DISCUSSION

Finnigan argues that the complaint against him should be dismissed for untimeliness.[2][3] Morales-Placencia concedes that his claims would be time-barred under a straightforward application of the relevant statutes of limitations but contends that

---

[2] Though motions to dismiss for failure to state a claim do not usually address affirmative defenses, "the statute of limitations may be raised in a motion to dismiss if the allegations of the complaint itself set forth everything necessary to satisfy the affirmative defense." *Brooks v. Ross*, 578 F.3d 574, 579 (7th Cir. 2009). Morales-Placencia's complaint sets forth all of the relevant dates needed to establish Finnigan's statute of limitations defense. Therefore, we find it appropriate to consider the statute of limitations in the context of Finnigan's motion to dismiss.

Finnigan cannot raise the statute of limitations defense under the doctrine of equitable estoppel. We will discuss the merits of Finnigan's motion with respect to Morales-Placencia's federal claims first before turning to the remaining state law claim.

I.   **Morales-Placencia's Federal Causes of Action**

Morales-Placencia maintains that Finnigan should be estopped from invoking the lack of timeliness defense because Finnigan prevented Morales-Placencia from suing within the limitations period by threatening him with bodily harm. With regard to Morales-Placencia's claims under federal law, the doctrine of equitable estoppel "requires the plaintiff to show that the defendant took steps deliberately to prevent the plaintiff from bringing a timely suit, whether by concealing the existence of the plaintiff's claim or by promising not to plead the statute of limitations." *Beckel v. Wal-Mart Assoc., Inc.*, 301 F.3d 621, 622 (7th Cir. 2002). A plaintiff may not escape application of the statute of limitations via equitable estoppel "if the obstructive behavior occurs *after* the plaintiff's inquiry has reached the point at which he has discovered, or by reasonable diligence should have discovered, that he has a claim upon which to found a suit[.]" *Jay E. Hayden Found. v. First Neighbor Bank, N.A.*, 610 F.3d 382, 385 (7th Cir. 2010).

Morales-Placencia's complaint does not allege any facts that would warrant application of the equitable estoppel doctrine to his federal claims. According to the

allegations, Finnigan made his threats only after Morales-Placencia had discovered that he had a basis to file a lawsuit. *See United States v. Norwood*, 602 F.3d 830, 837 (7th Cir. 2010) (in federal suits, a claim accrues "when plaintiff learns that he's been injured, and by whom"). Morales-Placencia cannot predicate his estoppel argument upon Finnigan's alleged menacing conduct because the behavior occurred subsequent to the moment Morales-Placencia acquired sufficient information to file a claim against Finnigan. *Jay E. Hayden Found.*, 610 F.3d at 385; *see also Shanoff v. Ill. Dep't of Human Servs.*, 258 F.3d 696, 702-03 (7th Cir. 2001) (rejecting defendant's threats as basis for equitable estoppel). We decline to apply the equitable estoppel doctrine to Morales-Placencia's federal claims. Finnigan's motion to dismiss Counts I, II, III, and V is granted.

## II.     Morales-Placencia's State-Law Cause of Action

Our analysis of Finnigan's motion to dismiss the remaining claim for conversion under Illinois law differs slightly from the framework we utilized with respect to Morales-Placencia's federal causes of action. When a federal court exercises supplemental jurisdiction over a claim under Illinois law, the federal court must apply Illinois substantive law. *Houben v. Telular Corp.*, 309 F.3d 1028, 1032 (7th Cir. 2002). "Like the statute of limitations itself, rules that are an integral part of the statute of limitations, such as tolling and equitable estoppel, are treated as substantive for

purposes of the *Erie* doctrine." *Hollander v. Brown*, 457 F.3d 688, 694 (7th Cir. 2006). As a result, we look to Illinois law to supply the relevant rule of decision in this case.

Finnigan argues that Morales-Placencia has not demonstrated that the equitable estoppel doctrine applies to his conversion claim. To establish equitable estoppel under Illinois law, the party claiming estoppel must demonstrate that the other party misrepresented or concealed material facts from the plaintiff. *Parks v. Kownacki*, 737 N.E.2d 287, 296 (Ill. 2000). Morales-Placencia has not pleaded the elements of equitable estoppel. His allegations contain no suggestion that Finnigan concealed or misrepresented a material fact that prevented him from filing suit; absent such an allegation equitable estoppel does not apply. *McInerney v. Charter Golf, Inc.*, 680 N.E.2d 1347, 1352 (Ill. 1997). We therefore grant Finnigan's motion to dismiss Count VI.

## CONCLUSION

Finnigan's motion to dismiss is granted.

                                    /s/ Charles P. Kocoras
                                    Charles P. Kocoras
                                    United States District Judge

Dated:   October 20, 2010