# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Charles P. Kocoras | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 08 C 5365 | **DATE** | 2/18/2011 |
| **CASE TITLE** | Morales-Placencia vs. Villareal et al | | |

**DOCKET ENTRY TEXT**

Plaintiff's motion (Doc [52]) to reinstate Count V against Finnigan is granted. Plaintiff's motion (Doc [55]) to amend is also granted. Defendants Villareal and Finnigan's motions (Docs [56] and [57]) to dismiss are entered and continued. Morales-Placencia has until 2/25/2011 to submit his amended complaint. Failure to file his amended complaint by that time will result in the dismissal of his case with prejudice. Ruling set for 2/24/2011 is stricken as moot. Status hearing set for 3/9/2011 at 9:30 a.m.

■[ For further details see text below.]   Docketing to mail notices.

## ORDER

This case comes before the court on several motions. Plaintiff Juan Ramon Morales-Placencia ("Morales-Placencia") moves to reinstate Count V of his Complaint against Defendant Jerome Finnigan ("Finnigan"). Morales-Placencia also asks for leave to file an amended complaint to add another named plaintiff pursuant to Fed. R. Civ. P. 15(a)(2) and Fed. R. Civ. P. 20(a)(1)(A). Defendants Finnigan and Villareal have each submitted a motion to dismiss Morales-Placencia's First Amended Complaint. For the reasons set forth below, Morales-Placencia's motions are granted. Defendants' motions are entered and continued.

Morales-Placencia first asks that we reinstate his civil claim under the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1964(c), against Defendant Finnigan because the claim was filed within the appropriate limitations period. Morales-Placencia argues that he mistakenly conceded the untimeliness of his RICO claim and that his cause of action against Finnigan should not have been dismissed. Civil RICO claims are subject to a four-year statute of limitations. *Rotella v. Wood*, 528 U.S. 549, 553 (2000). In his initial complaint, Morales-Placencia alleged that Finnigan and Villareal participated in a racketeering enterprise by forcing their way into Morales-Placencia's home to steal from him on September 18, 2004, and coercing entry into Morales-Placencia's home again six months later to threaten him. Morales-Placencia filed this lawsuit on September 18, 2008, within the four-year statute of limitations period. Accordingly, we reinstate the claim.

Morales-Placencia also asks that we grant him leave to file a First Amended Complaint to include a minor who was present during the incidents at issue. Fed. R. Civ. P. 15(a)(2) provides that leave to amend should be freely granted "when justice so requires." Under Fed. R. Civ. P. 20(a)(1)(A), a plaintiff may be joined to an action with another plaintiff if he asserts a right to relief arising out of the same transaction or occurrence as the original plaintiff. The parties do not dispute the propriety of joinder in this instance. Accordingly, we grant leave to amend. The motions to dismiss the First Amend Complaint are premature given that Morales-Placencia has not yet filed his amended complaint with the Court. Accordingly, we enter and continue the motions to dismiss filed

| ORDER |
|---|

by Finnigan and Villareal.

     The motion to reinstate Count V against Finnigan is granted. The motion to amend is also granted. Villareal's motion is entered and continued. Finnigan's motion is entered and continued. Morales-Placencia has until February 25, 2011, to submit his amended complaint. Failure to file his amended complaint by that time will result in the dismissal of his case with prejudice.

Dated:   February 18, 2011

CHARLES P. KOCORAS
U.S. District Court Judge