**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| JUAN RAMON MORALES-PLACENCIA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 08 CV 5365 |
| | ) | |
| CITY OF CHICAGO, et al., | ) | Judge Charles P. Kocoras |
| | ) | |
| Defendants. | ) | |

<u>**CITY OF CHICAGO'S MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED**</u>
<u>**COMPLAINT**</u>

Defendant, the City of Chicago (the "City"), by its attorney, Terrence M. Burns of

Dykema Gossett PLLC, pursuant to Rule 12(b)(6), hereby moves to dismiss plaintiffs' first

amended complaint, and in support states as follows:

## INTRODUCTION

Plaintiffs' first amended complaint should be dismissed in its entirety. No facts are

alleged to support the newly added minor's claims; no valid underlying claims exist to support

the Section 1983 *Monell* claim against the City; and a RICO claim against the City, as a matter

of law, cannot be asserted against a municipality (or an entity within a municipality). Plaintiffs

have filed this amended complaint hoping to keep this case alive despite the fatal statute of

limitations problems with Plaintiff Morales-Placencia's previously dismissed claims. On July 2,

2009, this Court granted the City's motion to dismiss plaintiff's complaint on the basis that it

was time-barred. (Dkt. No. 38.) On October 20, 2010, this Court granted Defendant Finnigan's

motion to dismiss on the same basis. (Dkt. No. 51.)

Plaintiff does not, however, include any allegations sufficient to support the claims of the

minor plaintiff, who was three years old at the time of the incident. Plaintiff also cannot bring

the City back in through his RICO claim, even for compensatory damages, because a municipality cannot be liable under RICO.

## PLEADING STANDARD

A motion to dismiss pursuant to Federal Rule 12(b)(6) should be granted if the challenged complaint fails to state a claim upon which relief can be granted. *Corcoran v. Chicago Park District*, 875 F.2d 609, 611 (7th Cir. 1989). Although when considering a motion to dismiss the court accepts as true all of the well-pleaded facts alleged by the plaintiff and all reasonable inferences that can be drawn therefrom (*see Barnes v. Briley*, 420 F.3d 673, 677 (7th Cir. 2005)), the court is not obligated to accept a complaint that merely raises the possibility of relief. *EEOC v. Concentra Health Services, Inc.*, 496 F.3d 773, 776 (7th Cir. 2007). Rather, to survive a 12(b)(6) motion to dismiss, the complaint must set forth "a short and plain statement of the claim showing that the pleader is entitled to relief" (*see* Fed.R.Civ.P. 8(a)(2)), such that the defendant is given "fair notice" of what the "claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 1964 (2007) (*quoting Conley v. Gibson*, 355 U.S. 41, 47, 78 S. Ct. 99 (1957)). Bare assertions amounting to nothing more than "labels and conclusions" or a "formulaic recitation of the elements" of a constitutional claim are conclusory and not entitled to be assumed true. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009), *citing Twombly*, 550 U.S. at 554-55. Nor does a complaint suffice if it tenders "naked assertions" devoid of "further factual enhancement." *Id.*, *quoting Twombly*, 550 U.S. at 557. Instead, to survive dismissal, a complaint must assert sufficient facts to state a claim that is "plausible on its face;" the plausibility standard is not the same as probability, and requires "more than a sheer possibility" that a defendant has acted improperly. *Id*.

A court should not strain to find inferences not plainly apparent from the face of the complaint. *Hishon v. King & Spalding*, 467 U.S. 69, 73, 104 S. Ct. 2229 (1984). A court is not

obligated to accept unsupported conclusions of fact or assertions involving mixed allegations of fact and law. *Hickey v. O'Bannon*, 287 F.3d 656, 658 (7th Cir. 2002). Further, the factual allegations must be sufficient to raise the possibility of relief above the "speculative level," assuming that all of the allegations in the complaint are true. *Concentra Health*, 496 F.3d at 776 (*quoting Twombly*, 127 S. Ct. at 1965, 1973 n. 14).

## DISCUSSION

### A.    There Are No Allegations to Support the Minor's Claim of Excessive Force

Count I of plaintiffs' first amended complaint purports to be a §1983 claim for excessive force. Count I begins at paragraph 16 and incorporates by reference paragraphs 1-15. Nowhere in the preceding 15 paragraphs, however, do plaintiffs plead any facts suggesting the defendant officers used force against the minor plaintiff. In count I, plaintiffs refer simply to "the above-described conduct" and fill the rest of the count with bare legal conclusions. (*See* Amend. Compl. ¶¶ 16-18.)

These allegations are insufficient to state a claim of excessive force on behalf of the minor plaintiff. Again, to survive dismissal, a complaint must assert sufficient facts to state a claim that is "plausible on its face;" *Iqbal*, 129 S. Ct. at 1949. Plaintiffs never allege the defendant officers came into contact with the minor plaintiff or threatened the minor plaintiff directly with force. (*See* Am. Compl., ¶¶ 1-15). Plaintiffs' allegations that the defendant officers were "brandishing firearms" in front of the minor plaintiff is sorely insufficient. To be clear, plaintiffs never allege the defendant officers pointed a firearm at the minor plaintiff, but, even if they had, unless done in a particularly threatening manner and with little or no provocation or justification, pointing a firearm at a person will not, by itself, constitute excessive force in violation of the Fourth Amendment. *Moore v. City of Chicago*, 2008 WL 516338, *4 (N.D.Ill. Feb. 20, 2008) (citing *McNair v. Coffey*, 279 F.3d 463, 466-68 (7th Cir.2002); *Jacobs v. City of

*Chicago*, 215 F.3d 758, 773-74 (7th Cir. 2000) (breaking down apartment door and pointing gun at cooperative occupant's head for more than ten minutes and continuing to do so even after learning it was the wrong apartment); *McDonald by McDonald v. Haskins*, 966 F.2d 292, 294-95 (7th Cir.1992) (during search of apartment, holding firearm to head of nonthreatening nine-year-old and threatening to pull the trigger).

Without any factual allegations supporting the conclusion that "excessive force" was committed, the minor plaintiff cannot state a valid claim for excessive force. *See Collier v. Rodriguez*, 1996 WL 535326, at *7-8 (N.D. Ill. 1996) (dismissing excessive force claim where complaint devoid of any factual allegations that defendants laid hands on the plaintiff); *Johnson-Bey v. Dykes*, 1994 WL 698485, at *2 (N.D. Ill. 1994) (complaint devoid of any allegations officer used force).

**B.      There Are No Allegations to Support the Minor's Claim of Search and Seizure**

The first amended complaint does not contain any facts to support a search and seizure claim on behalf of the three-year old minor plaintiff.  To challenge a search or seizure as violative of the Fourth Amendment, one must show that he or she has a legitimate expectation of privacy in the property searched or seized.  *Rawlings v. Kentucky*, 448 U.S. 98, 104, 100 S.Ct. 2556, 2561, 65 L.Ed.2d 633 (1980); *Rakas v. Illinois*, 439 U.S. 128, 140-50, 99 S.Ct. 421, 430 (1978).  "Unless and until the 'standing' threshold is crossed, the bona fides of the search and seizure are not put legitimately into issue." *United States v. Aguirre*, 839 F.2d 854, 854 (7th Cir. 1988).  The Seventh Circuit has indicated that a court should consider several factors in answering the standing question: (1) whether the defendant has a possessory interest in the place searched; (2) whether he or she has a right to exclude others therefrom; (3) whether he or she has exhibited a subjective expectation that the place remain free from governmental invasion; and (4)

whether normal precautions were taken to protect the privacy of the place. *United States v. Duprey*, 895 F.2d 303, 309 (7th Cir. 1989). Plaintiff, as a three year old, could not meet any of the above factors, just as it is a near certainty, given the factors considered by courts, that the minor plaintiff would not have had the authority (or ability) to consent the officers' entry. *See People v. Sommer*, 45 Ill.App.3d 459, 4 Ill.Dec. 238, 359 N.E.2d 1190 (1977) and *People v. Kincaid*, 51 Ill.App.3d 975, 10 Ill.Dec. 68, 367 N.E.2d 456 (1977) (finding consent of a 16 and 17 year olds, respectively, invalid). *But cf. People v. Swansey*, 62 Ill.App.3d 1015, 379 N.E.2d 1279 (1st Dist. 1978) (finding consent of a "very intelligent" thirteen year old to be valid.) The minor plaintiff's claim of search and seizure similarly should be dismissed.

### C. The Other Section 1983 Claims Must Therefore Fail as Well

Absent underlying Section 1983 claims for Excessive Force or Search and Seizure, the minor's dependent claims for Equal Protection (count III), *Monell* (count IV), and Failure to Intervene (count VI) are subject to dismissal as well. *Cornfield by Lewis v. Consolidated High School Dist. No. 230*, 991 F.2d 1316, 1326 (7th Cir. 1993) (in order to sustain a *Monell* claim, Plaintiff must first prove that he (not someone else) has a viable claim for a constitutional injury.)

### D. The Minor Plaintiff Does Not Offer Facts Sufficient to Sustain His Intentional Infliction of Emotional Distress Claim

The allegations of plaintiffs' first amended complaint are insufficient to establish a claim for intentional infliction of emotional distress ("IIED") on behalf of the minor plaintiff.[1] Under Illinois law, to state a claim for IIED a party must show that: 1) the defendant's conduct was

---

[1] Even plaintiff could state a viable state law IIED claim, it should be dismissed nevertheless if all other federal claims are dismissed because the claim seeks to invoke this Court's supplemental jurisdiction, which is not present without a concurrent federal claim. *See United Mine Workers v. Gibbs*, 383 U.S. 715 (1966).

extreme and outrageous; 2) the defendant intended to inflict severe emotional distress, or knew there was a high probability its conduct would do so; and 3) the defendant's conduct caused severe emotional distress. *Doe v. Calumet City*, 161 Ill.2d 374, 204 Ill.Dec. 274, 641 N.E.2d 498, 506 (1994). "Whether conduct is extreme and outrageous is judged on an objective standard based on all the facts and circumstances of a particular case." *Id.* at 507. The Illinois Supreme Court has noted three factors used to evaluate the alleged outrageousness of a defendant's conduct. First, the more power or control the defendant has over the plaintiff, the more likely the conduct will be deemed extreme. *McGrath v. Fahey*, 126 Ill.2d 78, 127 Ill.Dec. 724, 533 N.E.2d 806, 809 (1988). Second, and in conjunction with the first consideration, courts must consider whether the defendant reasonably believed its objective was legitimate. *Id.* at 810. Finally, courts must consider whether the defendant was aware the plaintiff was "peculiarly susceptible to emotional distress, by reason of some physical or mental condition or peculiarity." *Id.* at 811.

Plaintiffs never allege that the defendant officers did anything to intentionally inflict emotional distress on the minor plaintiff. Indeed, none of the alleged actions of the defendant officers were directed at the minor plaintiff and, to the extent he witnessed any of the actions of the officers, it is unlikely he, as a three year-old, would have fully comprehended the circumstances. Allegations that the minor plaintiff's was present while the defendant officers were "threatening"—not causing—bodily harm against Plaintiff Morales-Placencia are insufficient to meet the elements of this intentional tort as set forth by the Seventh Circuit and the Illinois Supreme Court. The claim for IIED should be dismissed with prejudice.

### E.      Plaintiffs Cannot (Again) State a RICO Claim Against the City

Plaintiff Morales-Placencia's RICO claim against the City was dismissed with prejudice on July 2, 2009 (Dkt. 38.) He nevertheless asserts the claim once again, with a minor tweak—

this time, in the "wherefore" clause, he asks that the judgment be entered against the "City of Chicago's Police Department (and Special Operations Section therein)," instead of the City. (Am. Compl. Count V). First, neither of those entities are named as parties in the caption. Second, they could not be named as parties because they are not legal entities. *See Miceli v. F.B.I., Chicago Div.*, No. 2002 WL 31654948 (N.D.Ill. 2002) ("Miceli has also not stated a claim against the Chicago Police Department, which is not a legal entity but part of the City of Chicago.") Plaintiff cannot bring a RICO claim (1) against an internal division of the City or an internal division of the Chicago Police Department, (2) against the City itself because plaintiff's RICO claim has already been dismissed with prejudice in this action by this Court, and (3) against the City regardless of the procedural history of this case because a municipality cannot be liable under RICO, as explained below and in the City's motion to dismiss plaintiff's previous attempt at a RICO claim.

Indeed, courts repeatedly hold that RICO claims against municipalities must be dismissed because Congress did not intend to subject municipalities to liability under that statute. *See Pelfresne v. Village of Rosemont*, 22 F.Supp.2d 756, 761 (N.D.Ill. 1998) ("As defendants correctly point out, municipal corporations cannot be held liable under § 1964(c)"). *See also Pedrina v. Chun*, 97 F.3d 1296, 1300 (9th Cir. 1996); *Lancaster Community Hosp. v. Antelope Valley Hosp. Dist.*, 940 F.2d 397, 404-05 (9th Cir. 1991) (holding civil RICO claims against a public hospital district were properly dismissed because government entities are incapable of forming the malicious intent necessary to support a RICO action and because civil RICO damages are exemplary); *Genty v. Resolution Trust Corporation*, 937 F.2d 899, 910 - 11 (3d. Cir. 1991) (finding that regardless of the question of mens rea, municipal corporations are not within the ambit of the objectives of RICO); *Lathrop v. Juneau and Associates, Inc. P.C.*, 220

F.R.D. 330, 334 (S.D.Ill. 2004). While several courts have reached this conclusion based on a municipality's inability to have the requisite malicious intent, *see.*, *e.g.*, *Lancaster Community Hosp*, 940 F.2d at 404-05, even if the predicate acts do not require malicious intent, the statute has been found inapplicable to government entities because RICO is essentially punitive in nature, *Genty*, 937 F.2d 899, 910. Under either reasoning, the courts agree, Congress did not intend to hold municipalities liable under RICO. As a municipality, the City cannot be liable and should be dismissed from plaintiffs' claim.

Plaintiff cannot circumvent this rule by seeking only compensatory damages from the City under RICO. The RICO claim does not allow for such discretion. *Genty*, 937 F.2d at 914 ("It is clear that trial courts and juries are at no liberty under RICO to award any amount less than treble damages."). The plain language of RICO, as the court in *Genty* explained, "instructs that injured persons 'shall recover' treble damages and costs and attorneys fees." *Id.* The civil RICO claim thus "requires" that the successful plaintiff be awarded treble damages. *Id.* Plaintiff's claim against the City is in contravention of this mandatory treble damages rule, the purpose and scope of RICO, and this Court's previous ruling, and therefore should be dismissed.

## CONCLUSION

WHEREFORE, Defendant, the City of Chicago, respectfully requests that this Court dismiss in its entirety plaintiffs' first amended complaint as against the City, and grant such other relief this Court deems reasonable.

Dated: March 17, 2011                                   Respectfully submitted,

s/Molly E. Thompson
One of the Attorneys for Defendant
City of Chicago

Terrence M. Burns
Daniel M. Noland
Molly E. Thompson
Dykema Gossett PLLC
10 South Wacker Drive, Suite 2300
Chicago, Illinois  60606

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on March 17, 2011, I caused the foregoing **City of Chicago's**

**Motion to Dismiss** to be served by CM/ECF Noticing on the parties listed below:

David A. Cerda
Cerda Law Office
440 North Wabash Ave., Suite 4905
Chicago, Illinois 60611
dcerda@cerdalaw.com

John S. LaMantia
Bollinger, Ruberry & Garvey
500 W. Madison Street
Suite 2300
Chicago, IL 60661
(312) 466-8000
lamantia@ameritech.net

Jerome Finnigan
Register #19755-424
Metropolitan Correctional Center
71 W. Van Buren Street
Chicago, IL 60605

s/ Molly E. Thompson
Molly E. Thompson

CHICAGO\3217067.1
ID\METH - 097003/0089