IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| JUAN RAMON MORALES-PLACENCIA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | Case No. 08 CV 5365 |
| | ) | |
| CITY OF CHICAGO, | ) | Honorable Charles P. Kocoras |
| FRANK VILLAREAL, | ) | |
| Defendants. | ) | |

**DEFENDANT FRANK VILLAREAL'S MOTION TO DISMISS
PLAINTIFF'S FIRST AMENDED COMPLAINT**

NOW COMES the Defendant, Frank Villareal, by and through his attorneys, John S. LaMantia, and moves this Honorable Court pursuant to Federal Rule 12(b)(6) to Dismiss Plaintiff's First Amended Complaint, and in support thereof, states as follows.

1. For purposes of judicial economy, Defendant, Frank Villareal, by his attorney, hereby adopts, incorporates and otherwise references Defendant, City of Chicago's Motion to Dismiss with regard to the arguments made to this Court for dismissal of Plaintiff's First Amended Complaint without adoption or reference to the City of Chicago's arguments for dismissal pertaining to the *Monell* claims and claims against municipality.

2. Plaintiff's First Amended Complaint seeks to add the minor plaintiff without merit of cause or any discernable cause of action pled against Defendant, Frank Villareal. The sole and exclusive reason Plaintiff is attempting to add the 3 year old minor plaintiff is strictly to avoid loss of Plaintiff's entire cause of action pursuant to the expiration of statute of limitations.

3. Plaintiff's original action was filed beyond the statue of limitations and properly dismissed by this Court. Plaintiff now fails to identify any specific deprivation of Constitutional

rights, tortious conduct or other proximate cause for damages on the conduct of this Defendant, Frank Villareal on behalf of the 3 year old minor at the time of the alleged arrest occurrence.

4. It is clear that Plaintiff's only reason for adding the minor plaintiff is to attempt to avoid the statute of limitations and no good faith basis for a recognizable cause of action can be advanced for any conduct by this Defendant, Frank Villareal, against the 3 year old minor arising out the facts and occurrence involving the arrest of Juan Ramon Morales-Placencia.

5. A motion to dismiss pursuant to Federal Rule 12(b)(6) should be granted if the challenged complaint fails to state a claim upon which relief can be granted. *Corcoran v. Chicago Park District*, 875 F.2d 609, 611 (7th Cir. 1989). To survive a 12(b)(6) motion to dismiss, the complaint must set forth "a short and plain statement of the claim showing that the pleader is entitled to relief" (*see* Fed.R.Civ.P. 8(a)(2)), such that the defendant is given "fair notice" of what the "claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 1964 (2007) (*quoting Conley v. Gibson*, 355 U.S. 41, 47, 78 S. Ct. 99 (1957)). Bare assertions amounting to nothing more than "labels and conclusions" or a "formulaic recitation of the elements" of a constitutional claim are conclusory and not entitled to be assumed true. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009), *citing Twombly*, 550 U.S. at 554-55.

6. When considering a motion to dismiss the court accepts as true all of the well-pleaded facts alleged by the plaintiff and all reasonable inferences that can be drawn therefrom. *Barnes v. Briley*, 420 F.3d 673, 677 (7th Cir. 2005) The court is not obligated to accept a complaint that merely raises the possibility of relief. *EEOC v. Concentra Health Services, Inc.*, 496 F.3d 773, 776 (7th Cir. 2007). Nor does a complaint suffice if it tenders "naked assertions" devoid of "further factual enhancement." *Id.*, *quoting Twombly*, 550 U.S. at 557. Instead, to

survive dismissal, a complaint must assert sufficient facts to state a claim that is "plausible on its face;" the plausibility standard is not the same as probability, and requires "more than a sheer possibility" that a defendant has acted improperly. *Id*.

7. Additionally, the court is not obligated to accept unsupported conclusions of fact or assertions involving mixed allegations of fact and law. *Hickey v. O'Bannon*, 287 F.3d 656, 658 (7th Cir. 2002). Further, the factual allegations must be sufficient to raise the possibility of relief above the "speculative level," assuming that all of the allegations in the complaint are true. *Concentra Health*, 496 F.3d at 776 (*quoting Twombly*, 127 S. Ct. at 1965, 1973 n. 14).

### I. There Are No Allegations to Support the Minor's Claim of Excessive Force

8. Count I of the First Amended Complaint is called a §1983 claim for excessive force but fails to identify or plead any facts alleging any force against the minor plaintiff. The entirety of Count I is mere legal conclusion upon legal conclusion without any factual basis for a claim of excessive force involving the minor as against Defendant Officer Villareal.

9. Plaintiffs fail to identify or allege any facts to indicate that Defendant Villareal came into contact whatsoever or specifically threatened the minor plaintiff directly with force. The only thinly veiled allegation involving even a scintilla of something that might be interpreted as a threat is the allegation that the Defendant Officers pointed a firearm at the persons in the room. The law is clear that pointing a firearm at a person will not, by itself, constitute excessive force in violation of the Fourth Amendment. *Moore v. City of Chicago*, 2008 WL 516338, *4 (N.D.Ill. Feb. 20, 2008) (citing *McNair v. Coffey*, 279 F.3d 463, 466-68 (7th Cir.2002); *Jacobs v. City of Chicago*, 215 F.3d 758, 773-74 (7th Cir. 2000) (breaking down apartment door and pointing gun at cooperative occupant's head for more than ten minutes and continuing to do so even after learning it was the wrong apartment); *McDonald by McDonald v. Haskins*, 966 F.2d

292, 294-95 (7th Cir.1992) (during search of apartment, holding firearm to head of nonthreatening nine-year-old and threatening to pull the trigger).

10. Without any factual allegations supporting the conclusion that "excessive force" was committed, the minor plaintiff cannot state a valid claim for excessive force. *See Collier v. Rodriguez*, 1996 WL 535326, at *7-8 (N.D. Ill. 1996) (dismissing excessive force claim where complaint devoid of any factual allegations that defendants laid hands on the plaintiff); *Johnson-Bey v. Dykes*, 1994 WL 698485, at *2 (N.D. Ill. 1994) (complaint devoid of any allegations officer used force).

  **II. There Are No Allegations to Support the Minor's Claim of Search and Seizure**

11. The first amended complaint does not contain any facts to support a search and seizure claim on behalf of the three-year old minor plaintiff. To bring a claim for violation of the Fourth Amendment, one must show that he or she has a legitimate expectation of privacy in the property searched or seized. *Rawlings v. Kentucky*, 448 U.S. 98, 104, 100 S.Ct. 2556, 2561, 65 L.Ed.2d 633 (1980); *Rakas v. Illinois*, 439 U.S. 128, 140-50, 99 S.Ct. 421, 430 (1978). "Unless and until the 'standing' threshold is crossed, the bona fides of the search and seizure are not put legitimately into issue." *United States v. Aguirre*, 839 F.2d 854, 854 (7th Cir. 1988). The Seventh Circuit has indicated that a court should consider several factors in answering the standing question: (1) whether the defendant has a possessory interest in the place searched; (2) whether he or she has a right to exclude others therefrom; (3) whether he or she has exhibited a subjective expectation that the place remain free from governmental invasion; and (4) whether normal precautions were taken to protect the privacy of the place. *United States v. Duprey*, 895 F.2d 303, 309 (7th Cir. 1989).

12. The three year old minor plaintiff cannot meet any of the Duprey factors specifically because the minor plaintiff would not have had the cognitive ability or authority to consent the officers' entry. *See People v. Sommer*, 45 Ill.App.3d 459, 4 Ill.Dec. 238, 359 N.E.2d 1190 (1977) and *People v. Kincaid*, 51 Ill.App.3d 975, 10 Ill.Dec. 68, 367 N.E.2d 456 (1977) (finding consent of a 16 and 17 year olds, respectively, invalid). *But cf. People v. Swansey*, 62 Ill.App.3d 1015, 379 N.E.2d 1279 (1st Dist. 1978) (finding consent of a "very intelligent" thirteen year old to be valid.) The minor plaintiff's claim of search and seizure similarly should be dismissed.

### III. The Minor Plaintiff Does Not Offer Facts Sufficient to Sustain An Intentional Infliction of Emotional Distress Claim

13 The allegations of plaintiffs' first amended complaint are insufficient to establish a claim for intentional infliction of emotional distress on behalf of the minor plaintiff. Under Illinois law, the elements for maintaining an emotional distress and plaintiff's burden of proof must establish that: 1) the defendant's conduct was extreme and outrageous; 2) the defendant intended to inflict severe emotional distress, or knew there was a high probability its conduct would do so; and 3) the defendant's conduct caused severe emotional distress. *Doe v. Calumet City*, 161 Ill.2d 374, 204 Ill.Dec. 274, 641 N.E.2d 498, 506 (1994). "Whether conduct is extreme and outrageous is judged on an objective standard based on all the facts and circumstances of a particular case." *Id.* at 507.

14. The Illinois Supreme Court has noted three factors used to evaluate the alleged outrageousness of a defendant's conduct. First, the more power or control the defendant has over the plaintiff, the more likely the conduct will be deemed extreme. *McGrath v. Fahey*, 126 Ill.2d 78, 127 Ill.Dec. 724, 533 N.E.2d 806, 809 (1988). Second, and in conjunction with the first consideration, courts must consider whether the defendant reasonably believed its objective was

5

legitimate. *Id.* at 810. Finally, courts must consider whether the defendant was aware the plaintiff was "peculiarly susceptible to emotional distress, by reason of some physical or mental condition or peculiarity." *Id.* at 811.

15. Plaintiffs never allege that Defendant officer Frank Villareal did anything to intentionally inflict emotional distress on the minor plaintiff. It cannot be disputed that out of all of the alleged conduct and actions of Defendant officer Villareal, no actions and no conduct at any time was directed at the minor plaintiff. To the extent the minor witnessed any of the actions of the officers it is unlikely and purely speculative that a three year-old would have or could have comprehended the circumstances. Allegations that the minor plaintiff's was present while the defendant officers were "threatening"—not causing—bodily harm against Plaintiff Morales-Placencia are insufficient to meet the elements of this intentional tort as set forth by the Seventh Circuit and the Illinois Supreme Court. The claim for intentional infliction of emotional distress should thus be dismissed with prejudice.

WHEREFORE, Defendant, Frank Villareal, prays this Honorable Court dismiss Plaintiff's First Amended Complaint as to Defendant, Frank Villareal, and for such further relief deemed appropriate.

Respectfully submitted,

   s/John S. LaMantia
John S. LaMantia
Attorney for Frank Villareal

John S. LaMantia
Bollinger, Ruberry & Garvey
500 W. Madison Street
Suite 2300
Chicago, IL 60661
Atty. 6220533

6