IN UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

NO. 08C5365

Juan Morales PLACENCIA
SABASTIAN Morales MACIAS, minor    Plaintiff

VS.

Jerome Finnigan    Defendant

FILED
MAR 17 2011
MAR 17 2011
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

## NOTICE OF MOTION

TO: CERDA LAW OFFICE
DAVID CERDA
440 N. WABASH SUITE 4905
CHICAGO IL 60606

Please take notice that I have this day filed with the clerk of the UNITED STATES DISTRICT COURT for the Northern DISTRICT of ILLINOIS, EASTERN DIVISION.

## FINNIGAN'S MOTION TO DISMISS COMPLAINT

Dated at CHICAGO, ILLINOIS this 14th day of MARCH, 2011.

Respectfully Submitted

Jerome Finnigan
PRO-SE

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

FILED
MAR 17 2011
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

| | |
|---|---|
| JUAN RAMON MORALES-PLACENCIA and SEBASTIAN MORALES MACIAS, a minor by his mother IRMA MACIAS DE RUEDA, Plaintiffs, Vs. CITY OF CHICAGO, et al and JEROME FINNIGAN | NO. 08C 5365 Judge Charles P. Kocoras Magistrate Judge Maria Valdez |

### Defendant Jerome Finnigan's Motion To Dismiss Complaint

Comes now, defendant Jerome Finnigan, PRO-SE and respectfully moves this honorable court, pursuant to the federal rules of civil procedure, Rule § 12(b)(6) for an order dismissing plaintiff's complaint against him.

In support thereof, defendant Finnigan respectfully shows the court that,

1

1. Defendant Jerry Finnigan is confined at the federal Bureau of Prisons, MCC-CHICAGO and has been so confined since 27 SEPT. 2007.

2. Defendant is acting Pro-SE in this matter.

3. Plaintiff filed his original 8-count complaint on 18 SEP 2008.

4. That each of the claims was purported to happen on 18 SEPT. 2004 or 6 months later.

5. On October 20, 2010 This honorable court, Judge Kocoras granted Finnigan's motion to dismiss the complaint.

6. This plaintiff's amended complaint now incorporates a minor who was allegedly terrorized during the original incident.

7. Plaintiff's motion alleges Finnigan (defendant) forced him to provide his address, but does not allege he (plaintiff) was subjected to brutality or threat by defendant Finnigan.

8. Although plaintiff does not specifically state what individual actions were taken by defendant Finnigan towards plaintiff, and further does not allege any physical harm came to plaintiff or minor plaintiff at any time.

2

9. Assuming arguendo that the alleged conversion theft was committed, the state law theft conversion would be time-barred based on the Illinois Tort Immunity statue.

10. Plaintiff claims excessive force, false arrest threats and being terrorized. All of these claims are based on events that occured Sept. 18, 2006 and about 6 months after. The appropriate statue of limitations for these §1983 claims is the limitations period for personal injury claims in the forum state, where the alleged constitutional violations occurred Wallace v. Kato 549 U.S. 384 387 (2007) In Illinois the statue of limitations is two years. Booker v. Ward 94 F3d 1052 1056 (7th circ. 1996). Federal law determines when a §1983 action accrues Wilson v. Giesen 956 F 2d 738 740 (7th circ. 1992) Section 1983 claims accrue when the plaintiff knows or should know that his constitutional rights have been violated. As plaintiff did not assert his claims originally until Sept 18 2008 than again in 2010 and 2011 (amended complaint) there is no basis for tolling the of the statue of limitations, his §1983 violate the statue of limitations and should be dismissed.

11. Plaintiff never has established efforts on the part of defendant finnigan or other defendants affirmatively caused plaintiff to delay his filing a complaint. 3

and warrant application of estoppel. Plaintiff filed his complaint Sept 18, 2008, over 4 years after the first alleged incident then Amended Complaints in 2010 and 2011, 6 and seven years after the original alleged incident. The first complaint was over 2 years since defendant Finnigan was indicted and stripped of his police powers. ~~Defendant~~ Plaintiff cannot show defendant Finnigan caused him to delay until Sept. 18 2008. The incidents became public knowledge and yet the plaintiff waited 4 years to file his complaint.

12. The plaintiff's attorney and plaintiff have only included the minor Sebastian Maccas and now new allegations have been made in an attempt to have this complaint re-instated.

13. Defendant Finnigan now brings this instant motion to dismiss the plaintiff's amended complaint whereas plaintiff has failed to state claims for which relief may be granted

14. Stated differently, all the claims against defendant Finnigan are time-barred. The latest date of accrual of plaintiff's action was not later than Mar 1K 2005.

4

...

14. Under any analysis Plaintiff's complaint as are all issues and claims therin stated is time barred, Plaintiff alleges all wrongs due him occured Sept. 18 2004 or 6 month thereafter.

15. Futher defendant FINNIGAN Requests that the court apply the standards of collateral estoppel and res Judicata herein.

Wherefore defendant Jerome FINNIGAN PRO-SE, prays that this court grant the within motion, together with such other and further relief as the court may deem just and proper.

Signed under penalty of Perjury This 14th day of MARCH, 2011. at CHICAGO ILL 70615.

Jerome FINNIGAN
PRO-SE
# 19755-424
MCC- CHICAGO
71 W. Van Buren ST.
CHICAGO IL 60605

# CERTIFICATE OF SERVICE

I Jerome Finnigan duly affirm that on 14 MAR 2011 I mailed a true and exact copy of this motion to Counsel for defendant David A. CERDA 440 N. WABASH SUITE 4905 CHICAGO IL 60611 via First class mail, deposited into the U.S. Mail at MCC-CHICAGO.

Signed under the penalty of perjury this 14th day of March 2011. at CHICAGO Illinois.

Pro-SE
Defendant

## SERVICE LIST

CERDA LAW OFFICE
DAVID CERDA
440 N. WABASH SUITE 4905
CHICAGO IL, 60606
VIA U.S. MAIL

6