IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| JUAN RAMON MORALES–PLACENCIA and SEBASTIAN MORALES MACIAS, a minor, by his mother, IRMA MACIAS DE RUEDA, | ) ) ) ) ) | No. 08 C 5365<br><br>Judge Charles P. Kocoras |
| Plaintiffs, | ) ) | Magistrate Judge Maria Valdez |
| vs. | ) ) | |
| CITY OF CHICAGO, JEROME FINNIGAN, FRANK VILLAREAL, and UNKNOWN CITY OF CHICAGO POLICE OFFICERS, | ) ) ) ) ) ) | |
| Defendants. | ) | |

PLAINTIFFS' RESPONSE IN OPPOSITION TO
DEFENDANT CITY OF CHICAGO'S MOTION TO DISMISS

Plaintiffs, Juan Ramon Morales–Placencia and Sebastian Morales Macias, by their attorney, David A. Cerda, and in response to the City's Motion to Dismiss Plaintiffs' First Amended Complaint, dkt no. 67, state as follows:

**Introduction**

Plaintiffs allege that without cause or justification defendant former City of Chicago Police Officers Jerome Finnigan and Frank Villareal stopped and searched Juan Morales-Placencia at a gas station in Chicago, kidnapped him, demanded his keys, drove him to his home, and, without justification, entered his home and robbed him. Plaintiffs' First Amended Complaint, ¶¶ 8-11. Plaintiffs' First Amended

Complaint alleges further that while illegally inside the home while committing this robbery, the defendants terrorized the plaintiffs, threatened to arrest plaintiff Morales-Placensia, and threatened great bodily harm to Morales-Placensia and his family, if Morales-Placensia said anything about what just occurred. *Id.* ¶ 12. Still further, plaintiffs alleged that the individual defendants returned about six months later, again illegally entered the home and with the three year old minor plaintiff Sebastian Morales-Macias present, "brandishing firearms, ransacked the home and threatened plaintiff Morales-Placensia with arrest and great bodily harm in front of his children. Sebastian suffered severe emotional distress as a result of seeing his father terrorized." *Id.* ¶ 13.

In the face of these allegations, which are assumed to be true for the purposes of a motion to dismiss, the City asserts, among other things, that the minor plaintiff, Sebastian, has failed to state a cause of action for excessive force or intentional infliction of emotional distress. The City is clearly mistaken.

**Legal Standard**

A motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) tests the legal sufficiency of a complaint, not the ultimate merits of the claims. *Weiler v. Household Finance Corp.*, 101 F.3d 519, 524 n. 1 (7th Cir. 1996) (citations omitted). In its review of a motion to dismiss under Rule 12(b)(6), the Court must construe the complaint in the light most favorable to the plaintiff, accepting as true all of the

factual allegations and drawing all possible inferences in his favor. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Justice v. Town of Cicero*, 577 F.3d 768, 771 (7th Cir. 2009).

## Argument

Plaintiffs' Complaint satisfies federal notice pleading standards and Rule 8(a) by providing Defendants notice of the claims against them. "A plaintiff's complaint need only provide a 'short and plain statement of the claim showing that the pleader is entitled to relief,' sufficient to provide the defendant with 'fair notice' of the claim and its basis." *Tamayo v. Blagojevich*, 526 F.3d 1074, 1081 (7th Cir. 2008) (quoting in part Fed. R. Civ. P. 8(a)(2) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Rule 8(a)(2) "reflects a liberal notice pleading regime, which is intended to 'focus litigation on the merits of a claim' rather than on technicalities that might keep plaintiffs out of court." *Brooks v. Ross*, 578 F.3d 574, 580 (7th Cir. 2009) (quoting *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002)).

Even in the post-*Iqbal* era, a plaintiff need not include specific or detailed factual allegations in his complaint, so long as the complaint plausibly suggests that the plaintiff has a right to relief. *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) ("As the Court held in *Twombly*, the pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."); *Airborne Beepers & Video, Inc. v.*

*AT&T Mobility LLC*, 499 F.3d 663, 667 (7th Cir. 2007) (*Twombly* and progeny "did not signal a switch to fact-pleading in the federal courts"); *Thompson v. Williams*, 2009 WL 1766774, at *1 (N.D. Ill. 2009) (noting that "heightened fact pleading of specifics is still not required"). As the Seventh Circuit has explained, the only plaintiffs who fail to clear the Rule 8 hurdle are those who plead nothing more than "abstract recitations of the elements of a cause of action or conclusory legal statements." *Brooks*, 578 F.3d 574 at 581.

As explained in more detail below, Plaintiff's First Amended Complaint includes a short and plain statement of their claims sufficient to provide defendants with fair notice of their claim and the facts underlying them. For that reason, defendant City of Chicago's motion to dismiss should be denied with the exception of plaintiffs' RICO claim against the City.

### I. Sebastian Has Adequately Pleaded an Excessive Force Claim.

The violation of Sebastian's Fourth Amendment right to be free of unreasonable searches and seizures is governed by an objective reasonableness standard. *Graham v. Connor*, 109 S.Ct. 1865, 1861 (1989). The force employed by the officer is deemed excessive if, in light of the totality of the circumstances, it was greater than the force that was reasonably justified to effect the seizure. *Lester v. City of Chicago*, 830 F.2d 707, 713 (7th Cir. 1987). To assess the whether the degree of force used was justified, the court considers the severity of the crime for which the plaintiff was being

detained or arrested, whether he posed a threat to the officers or other persons, and whether the plaintiff was resisting the officers and/or attempting to flee. *Graham,* 109 S.Ct. at 1872.

In this case, without cause or justification the individual defendants searched Sebastian's father, Juan, at a gas station in Chicago, kidnaped him, demanded his keys, drove him to his home, and without justification entered his home, robbed him, terrorized Juan and his family and threatened to harm Juan and his family if Juan told anyone about the incident. About six months later, the individual defendants returned to the home and without cause or justification illegally entered the home and with the three year old minor plaintiff Sebastian present, brandished firearms, ransacked the home, and threatened plaintiff Morales-Placensia with arrest and great bodily harm in front of his children. Clearly, since the individual defendants were engaged in illegal activities, they had no justification for using *any* force. Since the individual defendants were not allowed to use any force, they violated Sebastian's Consitutional rights by brandishing firearms inside his home and threatening to harm his father.

The cases cited by the City are all off-point. This is not a case where an officer made a mistake in entering a wrong apartment pointed a firearm. Under these circumstances, the individual defendant officers need not have touched Sebastian to have used excessive force. Using a firearm without any justification whatsoever, as

here, where the defendants were engaged in illegal activities, constitutes the use of excessive force.

Accordingly, the City's motion to dismiss Sebastian's excessive force claim should be denied.

## II. Sebastian Has Adequately Pleaded an Unreasonable Seizure Claim.

The Fourth Amendment protects persons from unreasonable searches and seizures. The City's Motion is entirely focused on whether Sebastian was unreasonably searched and ignores his obvious claim that he was unreasonably seized. Since this court should assume as true the allegation that the individual defendants illegally entered the family home without cause or justification, brandished firearms, terrorized him and his family, and threatened his father with great bodily harm, this Court can draw the reasonable inference that little Sebastian was not free to leave. The unreasonable restraint of Sebastian's movement violated his Fourth Amendment rights.  A seizure for purposes of the Fourth Amendment can occur when an officer "by means of physical force or show of authority has in some way restrained the liberty of a citizen." *United States v. Mendenhall*, 446 U.S. 544, 552, 100 S.Ct. 1870 (1980) (internal quote omitted). See *Graham v. Connor*, 490 U.S. 386, 395 n. 10, 109 S.Ct. 1865 (1989) ("A 'seizure' triggering the Fourth Amendment's protections occurs only when government actors have, by means of physical force or show of authority, ... in some way restrained the liberty of a

citizen.") (internal quotation omitted). The *Mendenhall* court further explained the circumstances that might indicate a seizure:

> [E]ven where the person did not attempt to leave, ... [for instance] the threatening presence of several officers, the display of a weapon by an officer, some physical touching of the person of the citizen, or the use of language or tone of voice indicating that compliance with the officer's request might be compelled.

*Mendenhall.* at 446 U.S. at 554.

Additionally, since the City did not address Sebastian's unreasonable seizure claim, the City's argument should be deemed waived. *Narducci v. Moore*, 572 F.3d 313, 324 (7th Cir. 2009).

Accordingly, the City's motion to dismiss Sebastian's unreasonable seizure clam should be denied.

### III.   Sebastian Has Other Valid Section 1983 Claims.

The City's argument to dismiss Sebastian's equal protection, *Monell*, and failure to intervene claims are all predicated on the assumption that Sebastian does not have a valid excessive force claim or an unreasonable seizure claim. As argued above, Sebastian has such claims therefore the City's argument fails and its motion to dismiss these claims should be denied.

### IV.   Sebastian Has Properly Pleaded and IIED Claim.

The City contends the individual defendants did nothing to give rise to Sebastian's state law intentional infliction of emotional distress claim. The City correctly notes that extreme and outrageous conduct which causes severe emotional distress can give rise to an IIED claim. The factors used to determine the viability of such a claim were set forth by the Illinois Supreme Court in the often cited case of *McGrath v. Fahey*, 127 Ill. Dec. 724, 533 N.E.2d 806 (1988):

1. The degree of power or authority which the defendant has over the plaintiff;

2. The degree of control over which the defendant has over the plaintiff to carry out his authority;

3. Whether the defendant reasonably believed his objective was legitimate; and

4. The defendant's awareness that the plaintiff is particularly susceptible to emotional distress.

*McGrath* at 127 Ill. Dec. 727-729. An examination of these factors shows that Sebastian has a valid IIED claim.

First, the individual defendants had power and authority over Sebastian and his family as they were police officers operating under color of law and were brandishing firearms no less. Second, as police officers brandishing firearms they had complete control over Sebastian. Third, the defendants obviously could not have believed their

objective was legitimate as they were engaged in multiple illegal acts. Fourth, the defendants knew that a three year old was particularly susceptible to emotional distress under these circumstances.

The City's contention that Sebastian could not have suffered emotional distress because it is unlikely that a three year old would have fully comprehended the circumstances is a question of fact for determination by a jury in relation to Sebastian.

The City's motion to dismiss Sebastian's IIED claim should be denied.

**V.    Plaintiffs' RICO claim *vis a vis* the City.**

Plaintiffs have no objection the City itself being dismissed as a defendant to their RICO claim.

**VI.    Plaintiffs' Request for Leave to Amend If Necessary.**

Even if this Court dismisses Plaintiff's complaint, it should, as a matter of course, grant Plaintiff leave to amend. Fed. R. Civ. P. 15 allows a plaintiff to amend her complaint "once as a matter of course at any time before a responsive pleading is served.... Otherwise a party may amend the party's pleading only by leave of the court or by written consent of the adverse party; and leave shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). Because defendants have not yet filed a responsive pleading in this matter, Plaintiff retains the right to amend his complaint as a matter of course. *See Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1111

(7th Cir.1984) (plaintiff retains right to amend complaint after dismissal of complaint on a 12(b)(6) motion). Granting any dismissal with leave to amend will ensure that this case can be decided on the merits, rather than on technicalities. *McCarthy v. PaineWebber, Inc.*, 127 F.R.D. 130, 132 (N.D. Ill. 1989); *see also Stern v. U.S. Gypsum, Inc.*, 547 F.2d 1329, 1334 (7th Cir. 1977) ("[T]his circuit has adopted a liberal policy respecting amendments to pleadings so that cases may be decided on the merits.").

## Conclusion

For the foregoing reasons, this Court should deny the City's motion to dismiss with the exception of plaintiff's RICO claim vis a vis the City.

                                      Respectfully submitted,

                                      /s/ David A. Cerda
                                      *Attorney for plaintiffs*

David A. Cerda
Cerda Law Office
440 North Wabash Avenue, Suite 4905
Chicago, Illinois 60611
Telephone: (312) 467-9100
E-mail: dcerda@cerdalaw.com
A.R.D.C. No. 6203954