IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| JUAN RAMON MORALES–PLACENCIA and SEBASTIAN MORALES MACIAS, a minor, by his mother, IRMA MACIAS DE RUEDA, | ) ) ) ) ) | No. 08 C 5365 Judge Charles P. Kocoras |
| Plaintiffs, | ) ) | Magistrate Judge Maria Valdez |
| vs. | ) ) | |
| CITY OF CHICAGO, JEROME FINNIGAN, FRANK VILLAREAL, and UNKNOWN CITY OF CHICAGO POLICE OFFICERS, | ) ) ) ) ) ) | |
| Defendants. | ) | |

PLAINTIFFS' RESPONSE IN OPPOSITION TO
DEFENDANT JEROME FINNIGAN'S MOTION TO DISMISS

Plaintiffs, Juan Ramon Morales–Placencia and Sebastian Morales Macias, by their attorney, David A. Cerda, and in response to defendant Finnigan's Motion to Dismiss Plaintiffs' First Amended Complaint, dkt no. 71, state as follows:

**Introduction**

Plaintiffs incorporate herein by reference the Introduction, Plaintiffs' Response in Opposition to the City of Chicago's Motion to Dismiss and offers additional argument specific to defendant Finnigan's Motion to Dismiss below.

**Argument**

Defendant Finnigan first argues that the minor plaintiff Sebastian's claims are time barred. However, under federal and Illinois law minors have until the age of 18 plus two years to bring Section 1983 claims. 735 Ill. Comp. Stat. 5/13-211.

Next, Finnigan argues that plaintiffs did not specifically allege which particular actions Finnigan committed. However, "A plaintiff's complaint need only provide a 'short and plain statement of the claim showing that the pleader is entitled to relief,' sufficient to provide the defendant with 'fair notice' of the claim and its basis." *Tamayo v. Blagojevich*, 526 F.3d 1074, 1081 (7th Cir. 2008) (quoting in part Fed. R. Civ. P. 8(a)(2) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Plaintiffs' First Amended Complaint gives Finnigan fair notice of the activities he is alleged to have engaged in.

Finnigan next argues that because the plaintiffs were not physically harmed, they cannot have any claims. However, since Finnigan has not offered any authority for his assertion that physical harm is a predicate to Juan's RICO claim, and is also a predicate to Sebastian's excessive force claim, unreasonable seizure claim, failure to intervene claim, equal protection claim and intentional infliction of emotional distress claims his argument should be deemed waived. *Weinstein v. Schwartz*, 422 F.3d 476, 477 n.1 (7thCir. 2005); *U.S. v. Berkowitz*, 927 F.2d 1376, 1384 (7th Cir. 1991)("...perfunctory and undeveloped arguments, and arguments that are

unsupported by pertinent authority, are waived."); *In re Resource Technology Corp.*, 2010 WL 5158113, at 6 (N.D. Ill. Dec. 10, 2010). Finnigan offers no such authority because there is no such requirement.

Defendant Finnigan argues that Juan's theft claim is time-barred. As this court ruled that the statute of limitations should not be tolled, plaintiff offers no further opposition to this argument and notes that no theft claim is alleged in Plaintiffs' First Amended Complaint.

At paragraph 10 of his motion, and again at paragraph 14, Finnigan makes a global claim that all of plaintiffs' claims are time-barred. However, as this court has already ruled, Juan's RICO claim is not time barred. Furthermore, since Sebastian is under the age of 18, none of his claims are time barred.

At paragraph 11 of his motion, Finnigan argues that he did nothing to delay the filing of the complaint. Plaintiffs disagree, but the court has ruled otherwise with regard to Juan's Section 1983 and state law claims. As those claims are not part of the First Amended Complaint, Finnigan's argument on this point is superfluous.

At paragraph 12, Finnigan contends that the minor plaintiff Sebastian cannot bring his claims because certain of his father's claims were dismissed as time-barred. Again, Finnigan offers no authority for this assertion so therefore they should be deemed waived as argued above. Nor can he. Sebastian's claims are his own, are

brought within the statute of limitations, and are not disruptive to the prosecution of this case because discovery has not been fully engaged.

## Conclusion

For the foregoing reasons, this Court should deny the defendant Finnigan's motion to dismiss in its entirety.

                                                Respectfully submitted,

                                                /s/ David A. Cerda
                                                *Attorney for plaintiffs*

David A. Cerda
Cerda Law Office
440 North Wabash Avenue, Suite 4905
Chicago, Illinois 60611
Telephone: (312) 467-9100
E-mail: dcerda@cerdalaw.com
A.R.D.C. No. 6203954