IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| JUAN RAMON MORALES–PLACENCIA ) | No. 08 C 5365 |
| and SEBASTIAN MORALES MACIAS, a ) | |
| minor, by his mother, ) | |
| IRMA MACIAS DE RUEDA, ) | Judge Charles P. Kocoras |
| ) | |
| Plaintiffs, ) | Magistrate Judge Maria Valdez |
| ) | |
| vs. ) | |
| ) | |
| CITY OF CHICAGO, ) | |
| JEROME FINNIGAN, ) | |
| FRANK VILLAREAL, and ) | |
| UNKNOWN CITY OF CHICAGO ) | |
| POLICE OFFICERS, ) | |
| ) | |
| Defendants. ) | |

PLAINTIFFS' RESPONSE IN OPPOSITION TO
DEFENDANT FRANK VILLAREAL'S MOTION TO DISMISS

Plaintiffs, Juan Ramon Morales–Placencia and Sebastian Morales Macias, by their attorney, David A. Cerda, and in response to defendant Villareal's Motion to Dismiss Plaintiffs' First Amended Complaint, dkt no. 69, state as follows:

**Introduction**

Plaintiffs incorporate herein by reference the Introduction, Plaintiffs' Response in Opposition to the City of Chicago's Motion to Dismiss and Plaintiffs' Response to Defendant Finnigan's Motion to Dismiss and offers additional argument specific to defendant Villareal's Motion to Dismiss below.

**Argument**

By and large, defendant Villareal's motion to dismiss rehashes arguments made by the City with regard to the minor Sebastian's Section 1983 claims and intentional infliction of emotional distress claims. Plaintiffs respond to those arguments in their opposition to the City's Motion to Dismiss which is incorporated herein.

Defendant Villareal, like defendant Finnigan, also argues that plaintiffs' complaint is not specific enough regarding his actions. However, "A plaintiff's complaint need only provide a 'short and plain statement of the claim showing that the pleader is entitled to relief,' sufficient to provide the defendant with 'fair notice' of the claim and its basis." *Tamayo v. Blagojevich*, 526 F.3d 1074, 1081 (7th Cir. 2008) (quoting in part Fed. R. Civ. P. 8(a)(2) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Plaintiffs' First Amended Complaint gives Villareal fair notice of the activities he is alleged to have engaged in.

Villareal, like Finnigan, contends that the minor plaintiff Sebastian cannot bring his claims because certain of his father's claims were dismissed as time-barred. Again, Villareal offers no authority for this assertion so therefore they should be deemed waived as argued in plaintiff's related response briefs. Nor can he. Sebastian's claims are his own are brought within the statute of limitations and as discovery has not been fully engaged in not disruptive to the prosecution of this case.

## Conclusion

For the foregoing reasons, this Court should deny the defendant Villareal's motion to dismiss in its entirety.

                                                          Respectfully submitted,

                                                          /s/ David A. Cerda
                                                          *Attorney for plaintiffs*

David A. Cerda
Cerda Law Office
440 North Wabash Avenue, Suite 4905
Chicago, Illinois 60611
Telephone: (312) 467-9100
E-mail: dcerda@cerdalaw.com
A.R.D.C. No. 6203954