UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| JUAN RAMON | ) | |
| MORALES-PLACENCIA, et al., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | 08 C 5365 |
| | ) | |
| CITY OF CHICAGO et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION

CHARLES P. KOCORAS, District Judge:

This matter comes before the Court on the motions of Defendants Jerome Finnigan, Frank Villareal, and the City of Chicago to dismiss the complaint of Irma Macias de Rueda, on behalf of her son, Sebastian Morales Macias.[1] For the reasons set forth below, Defendants' motions are granted.

---

[1] On July 2, 2009, this Court dismissed with prejudice Juan Ramon Morales-Placencia's untimely complaint against the City of Chicago (Dkt. No. 38). Defendant Frank Villareal moves to dismiss counts I, II, III, VI, and VII, of Morales-Placencia's complaint arguing that the statute of limitations had expired. For the reasons we granted the City's motion to dismiss, we grant Frank Villareal's motion to dismiss. Accordingly, counts I, II, III, VI, and VII of Morales-Placencia's complaint are dismissed.

# BACKGROUND

According to the allegations of the complaint, which we must accept as true for purposes of this motion,[2] Defendants Jerome Finnigan ("Finnigan") and Frank Villareal ("Villareal") were employed as police officers with the Chicago Police Department. On September 18, 2004, Finnigan and other Unknown City of Chicago Police Officers ("Unknown Police Officers") stopped and searched plaintiff Morales-Placencia at a gas station in Chicago. During this stop, Finnigan and the other Unknown Police Officers forced Morales-Placencia to give them his home address and the keys to his home. Finnigan and the police officers placed Morales-Placencia in a police car, drove to his home, and retrieved $460,000 from his residence. While at his home, Morales-Placencia alleges that the police officers terrorized him and his three year old son, Sebastian Morales Macias ("Sebastian"). Morales-Placencia also alleges that Finnigan and the other officers threatened to arrest him and inflict great bodily harm to him and his family if Morales-Placencia ever said anything about the events that had just occurred. Finnigan and the officers left Morales-Placencia's residence with his house keys.

Six months later, Finnigan, Villareal, and Unknown Police Officers returned to Morales-Placencia's home and coerced their entry into his residence. Morales-

---

[2] *Warth v. Seldin*, 422 U.S. 490, 501 (1975).

Placencia, his wife, Irma Macias de Rueda ("Irma"), and Sebastian were present during the incident. Brandishing firearms, Finnigan, Villareal, and those with them ransacked the home and, again, threatened Morales-Placencia with arrest and great bodily harm in front of his son. Fearing for his life and the lives of his family, Morales-Placencia did not report these events to the authorities. Morales-Placencia claims that the City of Chicago ("the City") was aware of these incidents and took no action to stop them.

Before we address the merits of the motions to dismiss, we must first clarify the procedural posture of this case. On September 18, 2008, Morales-Placencia filed suit against Finnigan, Villareal, and the City. In his complaint, Morales-Placencia asserted claims of excessive force, false arrest, a *Monell* claim against the City, and violation of his equal protection rights under 42 U.S.C. § 1983. His complaint also included an action for damages under the Racketeer Influenced and Corrupt Organizations Act under 18 U.S.C. § 1961 ("RICO"), a theft/conversion claim under Illinois law, and, against the City, claims of *respondeat superior* and indemnification. On July 2, 2009, this Court concluded that Morales-Placencia's action was time-barred and dismissed the complaint with prejudice. On February 18, 2011, this Court reinstated Morales-Placencia's RICO claim against Finnigan. We now confine our discussion to the claims brought by Irma on behalf of her minor son Sebastian.

On February 24, 2011, Sebastian filed an amended complaint against Finnigan, Villareal, the Unknown Police Officers, and the City. In the amended complaint, Sebastian asserts, pursuant to 42 U.S.C. § 1983, claims of excessive force (count I), unreasonable search and seizure (count II), violation of his equal protection rights (count III), failure to intervene (count VI), and a *Monell* claim against the City (count IV). The complaint also includes a state-law claim of intentional infliction of emotional distress (count VII), and a *respondeat superior* claim against the City (count VIII).[3] Finnigan, Villareal, and the City now move to dismiss all claims for failure to state a claim upon which relief can be granted.

## LEGAL STANDARD

A Rule 12(b)(6) motion to dismiss is used to test the legal sufficiency of a complaint. *Gibson v. City of Chi.*, 910 F.2d 1510, 1520 (7th Cir. 1990). In ruling on a motion to dismiss, a court must draw all reasonable inferences in favor of the plaintiff, construe allegations of a complaint in the light most favorable to the plaintiff, and accept as true all well-pleaded facts and allegations in the complaint. *Bontkowski v. First Nat'l Bank of Cicero*, 998 F.2d 459, 461 (7th Cir. 1993); *Perkins v. Silverstein*, 939 F.2d 463, 466 (7th Cir. 1991). To state a claim on which relief can be granted, a plaintiff must satisfy two conditions: first, the complaint must describe the claim in

---

[3] For clarity purposes, we note that Sebastian does not assert a RICO claim against the Defendants.

sufficient detail to give the defendant fair notice of what the claim is and the grounds upon which it rests; and second, the allegations must plausibly suggest that the plaintiff has a right to relief, raising that possibility above a speculative level. *EEOC v. Concentra Health Servs.*, 496 F.3d 773, 776 (7th Cir. 2007); *see also Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). With these principles in mind, we turn to the instant motions.

## DISCUSSION

### I.    Statute Of Limitations

Finnigan argues that the Court should dismiss Sebastian's complaint because it is time-barred. Sebastian retorts that the statute of limitations is tolled because Sebastian is a minor. Section 1983 claims are personal to the injured party. *Claybrook v. Birchwell*, 199 F.3d 350, 357 (7th Cir. 2000). Under Illinois law, if a minor has state-law claims and section 1983 claims that accrue during his minority, then he may bring the action within two years after he has attained eighteen years of age. 735 Ill. Comp. Stat. 5/13-211; *Reyes v. City of Chi.*, 585 F. Supp.2d 1010, 1016 (N.D. Ill. 2008). Sebastian is not yet eighteen years old and his mother, on Sebastian's behalf, has brought this action against defendants for alleged unlawful conduct. Accordingly, the applicable statute of limitations does not bar Sebastian's claims against the defendants.

## II.     Excessive Force Claim

Finnigan, Villareal, and the City move to dismiss Sebastian's claim of excessive force because the allegations of the complaint are insufficient to state a claim upon which relief could be granted. Specifically, the movants argue that Sebastian did not allege that the police officers exerted any physical force against him and that, in any event, pointing a firearm at a person does not constitute excessive force in violation of the Fourth Amendment. "To decide whether the amount of force used during a seizure is 'excessive,' [a court must] examine the totality of the circumstances to determine whether the intrusion on the citizen's Fourth Amendment interests was justified[.]" *Jacobs v. City of Chi.*, 215 F.3d 758, 773 (7th Cir. 2000). Excessive force claims are analyzed under a reasonableness standard. *Graham v. Connor*, 490 U.S. 386, 395 (1989). To state a claim for excessive force, there must be "*some* force,"some "physically abusive governmental conduct," some "physical force,"applied to a suspect. *McNair v. Coffey*, 279 F.3d 463, 467 (7th Cir. 2002). In the instant matter, the only excessive force allegation that Sebastian sets forth is that Finnigan, Villareal, and other officers, were "brandishing" firearms while ransacking the home and threatening Morales-Placencia with great bodily harm. "Unless done in a particularly threatening manner, . . . pointing a firearm at a person will not, by itself, constitute excessive force."

-6-

*Moore v. City of Chi.*, 2008 WL 516338, at *4 (N.D. Ill. Feb. 20, 2008). Sebastian does

not allege that the police officers pointed the gun at him, or that the officers verbally

threatened to pull the trigger, or physically indicated an imminent threat to actually fire

the weapon. *Id*. We conclude that Sebastian has not sufficiently pled a plausible claim

for excessive force against him. Accordingly, the motions to dismiss the excessive force

claim are granted.

## III.    Fourth Amendment Search and Seizure Claim

Sebastian asserts that the police officers' entry into his father's house violated his

Fourth Amendment right to be free from unreasonable searches and seizures. We first

address Sebastian's unreasonable search claim. Sebastian does not allege that he was

personally searched, that he or his property was the object of the search, or that the

search of the home had anything to do with him. Under these circumstances, before

Sebastian can assert a Fourth Amendment violation, he must establish that he has

standing. A person "objecting to the search of a particular area bears the burden of

proving a legitimate expectation of privacy in the area searched." *U.S. v. Duprey*, 895

F.2d 303, 309 (7th Cir. 1989). The complaint contains no such allegations.

Sebastian next contends that he was unreasonably seized by Finnigan, Villareal,

and the Unknown Police Officers. Whether a person is seized turns on whether the facts

show that a reasonable person would have believed, that in the presence of police

officers or some other show of authority, he was not free to leave. *United States v. Mendenhall*, 446 U.S. 544, 553-54 (1980). Here, the question becomes whether a three year old, under the circumstances described in the complaint, could reasonably believe that he was under official custody while in his home. Based on the allegations of the complaint, this Court concludes that Sebastian, a three year old child, did not have the capacity to understand that his liberty was in any manner significantly curtailed.

The allegations of the complaint clearly express the notion that Morales-Placencia was the target of the officers' conduct and it was Sebastian's father whose property was searched and, as alleged, $460,000 seized. It is simply not plausible that three year old Sebastian was anything but a bystander who may have witnessed illegal acts taking place. None of that illegal conduct was directed toward him, as the absence of specific allegations in the complaint necessarily manifest. Therefore, the motions to dismiss Sebastian's unreasonable search and seizure claims are granted.[4]

## IV.  Intentional Infliction of Emotional Distress

The disposition of the claims discussed above leaves only Sebastian's intentional infliction of emotional distress claim. This claim was brought pursuant to the supplementary jurisdiction provided in 28 U.S.C. § 1367. Since the granting of the motions to dismiss eliminates all claims over which this Court has original jurisdiction,

---

[4] Since Sebastian's complaint fails to state a constitutional violation as required under section 1983, Counts III (Equal Protection claim), IV (*Monell* claim), and VI (Failure to Intervene), are dismissed.

we decline to retain jurisdiction over the remaining state-law claim of intentional infliction of emotional distress. Accordingly, Sebastian's intentional infliction of emotional distress claim is dismissed.

**V. Motion For Leave to File A Second Amended Complaint**

Amy motion for leave to file a second amended complaint must be separately filed and presented.

**CONCLUSION**

Based on the foregoing analysis, the claims presented on behalf of Sebastian Morales Macias, a minor, and brought by his mother, Irma Macias de Rueda, are dismissed.

It is so ordered.

_____
Charles P. Kocoras
United States District Judge

Dated:   April 21, 2011